

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 7, 1975

The Honorable Bob Bullock                    Opinion No. H-661
Comptroller of Public Accounts
Lyndon B. Johnson Building                   Re: Whether certain information
Austin, Texas   78711                        about taxpayers is public.

Dear Mr. Bullock:

You have requested our opinion regarding whether certain information about taxpayers is public. Specifically, you ask:

> 1. Whether the Comptroller may release information as to the amounts of tax paid by a particular taxpayer, and/or a list of 'major taxpayers.'
>
> 2. Whether the Comptroller may disclose that a dispute exists with a particular taxpayer as to the amount of tax which the taxpayer owes to the State, and, if the existence of such a dispute is disclosable, whether the Comptroller may also disclose the amount in controversy prior to making a final determination.

The Open Records Act, article 6252-17a, V. T. C. S., exempts from disclosure "information deemed confidential by law, either Constitutional, statutory, or by judicial decision." Section 3(a)(1). Article 1.031(1) of Title 122A, Taxation-General, V. T. C. S., provides:

> For the purpose of carrying out the terms of this Title the Comptroller or any authorized agent shall have the authority to examine at the principal or any other office in the United States of any person, firm, agent, or corporation permitted to do business in this State, all books, records and papers and also any officers or employees thereof, under oath. . . .
> The Comptroller shall not make public or use said information derived in the course of said examination of said books, records and papers and/or officers or employees except for the purpose of a judicial proceeding for the collection of delinquent taxes in which the State of Texas is a party. . . .

The Honorable Bob Bullock, page 2

In addition, article 20.11(G)(1) provides:

> It shall be a misdemeanor for any official or employee
> of the Comptroller to make known in any manner what-
> ever the business affairs, operations or information
> obtained by an investigation of records and activities
> of any retailer or any other person visited or examined
> in the discharge of official duty, or the amount or source
> of income, profits, losses, expenditures, or any parti-
> cular thereof, set forth or disclosed in any return, or
> to permit any return or copy thereof, or any book con-
> taining any abstract or particulars thereof to be seen
> or examined by any person not connected with the
> Comptroller.

As we stated in Attorney General Opinion H-223 (1974), "the effect of these provisions is to make certain information in the possession of the Comptroller confidential and thereby bring it within the § 3(a)(1) exception to the Open Records Act." The amount of gross sales on a sales and use tax return is exempted from disclosure by article 20.11(G)(1). Open Records Decision 17 (1974). We believe that the prohibition logically extends as well to the amount of sales or use tax paid by a particular tax- payer, since the amount of gross sales could be easily computed if the amount of sales or use tax were known. Furthermore, we believe that the Comptroller would be precluded by article 20.11(G)(1) from making public a list of "major taxpayers." Such disclosure, to the extent it necessarily imparts information relating to financial data obtained from a return, would appear to us to fall within the spirit of the prohibition of 20.11(G)(1).

In addition, it is our opinion that article 20.11(G)(1) does not prohibit the Comptroller from disclosing the existence of a dispute with a particular taxpayer regarding the amount of tax which the taxpayer owes the State. In Attorney General Opinion H-223 (1974), we held that the Comptroller may reveal the fact that a taxpayer has requested a redetermination of his tax status or a claim for refund hearing, since the revelation of such information "is hardly comparable to revealing the actual details of his business affairs." Such request presupposes the existence of a dispute between the Comptroller and the taxpayer, and revelation of its existence does not, in our view, contravene either the spirit or letter of article 20.11(G)(1).

It does not follow, however, that the Comptroller may reveal the amount in controversy if disclosure of this amount would indicate the amount of the taxpayer's gross sales. In our opinion the Comptroller should not, prior to making a final determination, disclose the amount in controversy between his office and a particular taxpayer as to the amount of tax which the taxpayer owes the State if doing so would indicate the amount of the taxpayer's gross sales.

### SUMMARY

The Comptroller may not release information as to the amounts of sales or use tax paid by a particular taxpayer. Although he may disclose the existence of a dispute with a particular taxpayer as to the amount of tax which the taxpayer owes to the State, the Comptroller may not disclose the amount in controversy prior to making a final determination if doing so would indicate the amount of the taxpayer's gross sales.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee